IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, | ) | 8:13CV12 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| U.S. SECRETARY OF DEFENSE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on initial review of Petitioner John Robert Demos's ("Petitioner") Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, his Petition will be dismissed.

## I.  BACKGROUND

Petitioner alleges that his place of confinement is Clallam Bay Correctional Center, located in Clallam Bay, Washington. Petitioner is challenging a 1978 conviction imposed by the United States Military Court. He alleges that he was held in contempt of court because he refused to reveal top secret information about extraterrestrials, Stone Mountain, and British nuclear capability. (Filing No. 1 at CM/ECF pp. 4-5.)

Demos is a frequent filer, and has a long history of filing frivolous and vexatious lawsuits. The United States District Court for the District of Massachusetts recently noted that "Demos has filed hundreds of cases throughout the country, and has been deemed to be an abusive litigant. He has been enjoined in a number of courts, and is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). The PACER records reveal that Demos has filed at least 130 other habeas petitions." *Demos v. United States Secretary of Defense*, C.A. No. 12-12398-PBS, 2013 WL 80167 (D. Mass. Jan. 3, 2013).

## II. ANALYSIS

This court does not have jurisdiction over the Petition.  District courts "are limited to granting habeas relief within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quotation omitted).  In a habeas proceeding, "the proper Respondent is the warden of the facility where the prisoner is being held." *Id. at 435*.  "The plain language of the habeas statute confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id. at 443*.

Petitioner does not allege, nor does the record show, that the State of Nebraska has any involvement in Petitioner's current confinement.  Petitioner challenges his current confinement in a prison located in the State of Washington.  Therefore, this court does not have jurisdiction over his Petition.  The Court, could, in its discretion, transfer the Petition to the Western District of Washington.  *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action."). However, given Petitioner's litigation history, and the implausible nature of his allegations, it is not in the interest of justice to transfer the Petition.  Accordingly, the Petition will be denied and this action will be dismissed for lack of jurisdiction.

## III. Certificate of Appealability

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

2

In this case, Demos has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.    This matter is dismissed without prejudice.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

3.    The court will not issue a certificate of appealability in this matter.

DATED this 19th day of March, 2013.

BY THE COURT:

*Richard G. Kopf*

Senior United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.